(No. 3098—

INDIAN MOTOR CYCLE COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1937.*

HERMAN H. COHN, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed on May 10, 1937 with the clerk of this court, and on the 17th day of May, 1937, a stipulation was entered into between the claimant and the Attorney General of the State of Illinois, wherein it is stipulated and agreed by the parties that the claimant, pursuant to an order and request on the part of the respondent, sold and delivered on June 12, 1935, to the Illinois Division of Highways Garage, Springfield, Illinois, for the use of respondent, certain motorcycle parts as itemized in the account attached to the complaint, of the reasonable value of $44.20; that at the time these articles were ordered, there was in the appropriation from which they were payable, sufficient funds to pay for the same, and that when the appropriation lapsed on September 30, 1935, there still remained an unexpended balance sufficient to pay for these articles.

It is further stipulated that claimant presented its bill for said articles to the respondent prior to the lapse of said appropriation, but due to the delay in the vouchering of the same for payment, the appropriation lapsed before a warrant therefor was issued. Consequently, the claimant has not been paid.

We have repeatedly held that:

"Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no neglect or fault on the part of claimant, same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where at the time the expenditure was contracted there were sufficient funds remaining in the appropriation to pay for same."

> *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165.
>
> *Individual Towel & Cabinet Service Co.* vs. *State,* 6 C. C. R. 407.
>
> *Grant Tire Co.* vs. *State,* 7 C. C. R. 183.

The Attorney General admits that this claim falls within the rule and should be paid.

An award, therefore, in the sum of $44.20 in favor of Indian Motor Cycle Company, a corporation, is hereby approved.